**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**TWANDA JACQUELYN HOWARD,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 8:03-cv-1186-T-TBM**

**JO ANNE B. BARNHART,
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on Plaintiff's **Motion for Attorney's Fees and Cost** (Doc. 23). By her motion, Plaintiff seeks an award of $74,400.00 in attorney's fees and $1,025.84 in costs. Defendant has filed a response in opposition (Doc. 24).

Plaintiff filed applications for Social Security disability benefits and Supplemental Security Income payments, which were denied initially and upon reconsideration. The ALJ conducted a hearing and denied Plaintiff benefits, and Appeals Council affirmed the ALJ's decision. Subsequently, the Plaintiff filed this action seeking judicial review. On January 14, 2004, this court entered Judgment (Doc. 12) in favor of the Defendant and affirming the Commissioner's decision. Plaintiff appealed the Judgment, and on September 20, 2004, the Eleventh Circuit Court of Appeals affirmed this court's decision. See (Doc. 21).

The Equal Access to Justice Act (hereinafter "EAJA"), 28 U.S.C. § 2412(d), requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States including proceedings for judicial review of agency action, unless the court

determines that the position of the United States was substantially justified or that special circumstances exist that make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Three conditions must be established before an award under the EAJA is appropriate. First, the claimant must file a timely application for fees. This requires the fee application to be filed within thirty days of the final judgment. Second, the claimant must qualify as the prevailing party. Third, the government's positions must not be "substantially justified" and no other special circumstances exist to make an award unjust. Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990).

Here, Plaintiff has failed to satisfy any of the above factors for an award of fees and costs under EAJA. At any rate, Plaintiff litigated this matter *pro se* and is not entitled to an award of attorney's fees, nor has she demonstrated that costs should be taxed to her under Rule 54(d) of the Federal Rules of Civil Procedure or 28 U.S.C. § 1920. To the extent that Plaintiff seeks another review of her claims or an award of benefits, the motion is denied.

Accordingly, it is **ORDERED** that Plaintiff's **Motion for Attorney's Fees and Cost** (Doc. 23) is **DENIED**.

**Done and Ordered** at Tampa, Florida, this 18th day of July 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Pro se Plaintiff
Counsel of Record